IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM ESTRIDGE                                                    PLAINTIFF

     v.                                    Civil No. 13-5200

DETECTIVE ROBERTSON;
and WASHINGTON COUNTY,
ARKANSAS                                                           DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Plaintiff, William Estridge, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*  Plaintiff is incarcerated at the Washington County Detention Center awaiting trial on pending criminal charges.

    The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**1.  Background**

    According to the allegations of the complaint, Detective Robertson asked Plaintiff to come to his office at the Fayetteville Police Department at 1 p.m. on December 12, 2012, to discuss a "sex ca[s]e about Haley."  Plaintiff maintains Robertson denied him legal counsel, continued to ask questions after he requested counsel, tampered with video evidence, and had him falsely arrested.

-1-

Plaintiff objects to the method Robertson used to get him to come to the police department. Specifically, Plaintiff maintains that Robertson said he needed Plaintiff's help with a case involving Kenny having sexual intercourse with Haley, his daughter.  Once he was at the police department, Plaintiff states it became apparent that Robertson was either working for Kenny or not investigating him.

Plaintiff states Robertson tried to get him to confess.  Plaintiff maintains that Kenny was trying to get back at him for two reasons: first, Kenny found out Plaintiff was one of the individuals who turned Kenny in; and second, Plaintiff refused to testify in court that he has seen Kenny's wife beat up her children. Plaintiff has been charged with raping Haley.  He states Haley's Grandmother and Mother will verify that he is not guilty and that Haley's Father, Kenny, did it.

As relief, Plaintiff seeks award of compensatory and punitive damages.  He additionally wants his name cleared and wants to get out of jail where he has been for many months.

## 2.  Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* .  Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The Plaintiff's claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are not presently cognizable.

First, in Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

AO72A
(Rev. 8/82)

The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

Baker, 443 U.S. at 145-46.

Second, "defamation, per se, is not actionable under section 1983." Underwood v. Pritchard, 638 F.2d 60, 62 (8th Cir. 1981); see also Wade v. Goodwin, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. Paul v. Davis, 424 U.S. 693 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." Idema v. Wager, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), aff'd 29 Fed. Appx. 676 (2d Cir. 2002).

Third, with respect to his claims of false arrest and false imprisonment, Plaintiff's claims are not cognizable at this time. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court

held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. 486-87.

The rationale of Heck has been applied to § 1983 complaints filed while the criminal charges are pending. See e.g., Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). In Smith, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Smith, 87 F.3d at 113; see also Garza v. Burnett, 672 F.3d 1217 (10th Cir. 2012)(Heck precludes § 1983 claims relating to pending charges); Fox v. DeSoto, 489 F.3d 227, 234 (6th Cir. 2007)(Heck applies to pre-conviction circumstances.). Accordingly, to the extent Plaintiff challenges his false incarceration as a result of the pending charges, his claim is barred by Heck.

Finally, with respect to the official capacity claim, it "is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254,

-4-

1257 (8th Cir. 2010).   In other words, the official capacity claims are treated as claims against the City of Fayetteville.  See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

To establish Fayetteville's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom  was adopted with "deliberate indifference" to its known or obvious consequences. Seymour v. City of Des Moines, 519 F.3d 790, 800 (8th Cir.2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. Speer v. City of Wynne, 276 F.3d 980 (8th Cir.2002); Parrish v. Luckie, 963 F.2d 201, 207 (8th Cir.1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. Szabla v. City of Brooklyn Park, 486 F.3d 385, 389-90 (8th Cir.2007).

Id. at 817-18.   Plaintiff makes no allegations that his arrest and incarceration were the result of any policy, custom, or practice of the City.

### 3.  Conclusion

I recommend that this action be dismissed because Plaintiff has failed to state a claim upon which relief may be granted and attempts to assert a claim not presently cognizable under § 1983.  See 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

-5-

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  this 19th day of December 2013.


/s/ *J. Marschewski*
_____
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-6-